UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KIM KAEMPFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV1963 HEA |
| | ) | |
| THE CHEMINS COMPANY, INC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on defendant The Chemins Company, Inc.'s Motion to Transfer, [Doc. No. 18]. Plaintiff opposes the motion. For the reasons set forth below, the Motion is granted.

Plaintiff filed this action in the Circuit Court for the City of St. Louis, Missouri seeking damages allegedly suffered from her consumption of Metabolife 356, a product designed and distributed by Metabolife International, Inc.. Defendant Chemins was under contract with Metabolife to manufacture Metabolife 356 for Metabolife. Chemins is the contractual beneficiary of Metabolife's obligation to indemnify and defend it against all liability, loss and damage resulting from the sale and use of Metabolife 356, among other Metabolife products.

On June 30, 2005, Metabolife filed a Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court for the Southern District of California. Metabolife

filed a petition with the United States District Court for the Southern District of California on September 16, 2005 for an order under 28 U.S.C. 157(b)(5) to transfer approximately 162 personal injury or wrongful death actions pending against Metabolife and other non-debtor defendants.

A hearing was held on November 2, 2005 before Judge Irma E. Gonzalez, Chief Judge of the United States District Court for the Southern District of California. Judge Gonzalez entered an order finding that the Southern District of California was the appropriate venue for trial of personal injury tort or wrongful death Metabolife ephedra cations pending throughout the country, and ordered the transfer of these such cases.

Subsequent to this Order, Judges Wright and Fenner of the Western District of Missouri have determined that cases against non-debtor defendants in personal injury and wrongful death ephedra cases pending in that court should be transferred to Southern District of California. See, *Patterson v. Wal-Mart Stores, Inc.*, No. 05-1049-CV-W-SOW, and *Ivanoff v. The Chemins Company, Inc.*, No. 05-3400-CV-S-GAF. In these orders, Judges Wright and Fenner discuss the relevant issues and objections the plaintiffs had to the transfer.

> First, venue is proper in the Southern District of California because the case is "related to" the Metabolife bankruptcy proceeding pending in the Bankruptcy Court in that District. *See* 28 U.S.C. 1409(a).

> Although Metabolife is not a defendant, Wal-Mart will have a claim for indemnity under its agreement with Metabolife-a claim which could affect the administration of the estate and Metabolife's obligations as the debtor. Second, defendant Wal-Mart has demonstrated that transfer is for the convenience [of] the parties and witnesses. The majority of documentation as well as the witnesses in this case would be at the Metabolife headquarters in California or in the Metabolife document depository in Southern California. Finally, transfer is in the interest of justice. Approximately 162 state court actions across the United States concerning the Metabolife product are the subject of removal or transfer motions to the Souther District of California. The transfer of this case will contribute to efficient and consistent outcomes. *Patterson v. Wal-Mart Stores, Inc.*, No. 05-1049-CV-W-SOW (W.D. Mo. Dec. 5, 2005)(Doc. # 15)

*Ivanoff v. Chemins Company, Inc.*, No. 05-3400-CV-S-GAF (W.D. Mo. Mar. 3, 2006).

Like *Patterson* and *Ivanoff*, this case involves an indemnification agreement which could affect the administration of the estate and Metabolife's obligations as the debtor. The transfer of this case will add to the efficient resolution of the litigation and consistent outcomes.

Plaintiffs objections to transfer are unpersuasive. As noted in *Ivanoff*, the stay imposed by the Bankruptcy Court carved out this type of motion. Furthermore, plaintiff's narrow reading of Judge Gonzalez's Order that the transfer of cases "for trial" does not include "pretrial proceedings," fails to acknowledge that the Order envisioned pretrial proceedings through Judge Gonzalez's direction that the transfer

be immediate.

Based on the foregoing, this Court concludes that transfer is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that defendant, Chemins Company, Inc.'s Motion to Transfer, [Doc. # 18], is granted.

**IT IS FURTHER ORDERED** that this matter is transferred to the United States District Court for the Southern District of California.

Dated this 10th day of March 2006.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE